UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR A. GREEN, III,
      Plaintiff,          CIVIL ACTION NO. 08-14316

vs.

                              DISTRICT JUDGE STEPHEN J. MURPHY, III

MICHIGAN DEPARTMENT     MAGISTRATE JUDGE MONA K. MAJZOUB
OF NATURAL RESOURCES,
      Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AN INDEPENDENT MENTAL EXAMINATION (DOCKET NO. 8).**

This matter comes before the Court on Defendant's Motion To Compel An Independent Mental Examination filed on April 30, 2009. (Docket no. 8). Plaintiff filed a Response In Opposition To Defendant's Motion For Mental Examination Of Plaintiff on May 14, 2009. (Docket no. 12). The parties filed a Joint Statement of Unresolved Issues on June 11, 2009. (Docket no. 15). The motion was referred to the undersigned for decision under 28 U.S.C. § 636(b)(1)(A). (Docket no. 9). Counsel for the parties appeared for hearing on June 22, 2009. The matter is ready for ruling.

Plaintiff is an employee of Defendant and brings this action under the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. alleging that he was subject to race discrimination and retaliation for participating in an investigation of race discrimination. Defendants filed this motion pursuant to Fed. R. Civ. P. 35 asking the Court to compel Plaintiff to appear for an independent mental examination (IME) including psychological testing with Dr. Gerald Shiener. Defendant asks that in the event Dr. Shiener is not available, Defendant be allowed to name a substitute psychiatrist or

psychologist to conduct the examination and present evidence at trial if necessary. Plaintiff opposes Defendant's request for an IME.

Rule 35 provides that the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(A), (B).

Rule 35 requires a showing of "in controversy" and "good cause." *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). "[T]here are situations where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf*, 379 U.S. at 119; *see also Sultan v. Roush Industries, Inc.*, 2008 U.S. Dist. LEXIS 100469 at *3 (E.D. Mich. Dec. 10, 2008) (Plaintiff placed her mental condition in controversy by alleging "in her complaint that she suffered injuries including mental anguish, depression, and extreme mental anguish caused by the conduct of defendants.").

Plaintiff argues that Defendant has not met his burden to show that good cause exists for a mental examination and that Plaintiff's mental condition is in controversy. Plaintiff cites cases wherein the courts held that for a party to compel a psychiatric examination under Rule 35, the moving party had to show more than that the party in question had claimed emotional distress. *See Turner v. Imperial Stores*, 161 F.R.D. 89, 93 (S.D. Cal. 1995). The *Turner* plaintiff requested

"compensatory damages for losses resulting from 'humiliation, mental anguish, and emotional distress.'" *Id*. at 90. The court called the plaintiff's claim for damages for emotional distress "basically a 'garden-variety' one" and found that it did not warrant an independent mental examination. *Id*. at 97.

The *Turner* court set forth the following five factors for the court to consider when determining whether to allow a psychiatric examination and denied the motion where none of the factors was present: Whether the plaintiff had set forth (1) a cause of action for intentional or negligent infliction of emotional distress; (2) allegations of a specific psychiatric injury or disorder as a result of defendants' conduct; (3) claims of unusually severe emotional distress; (4) offer of expert testimony regarding emotional distress; and/or (5) plaintiff's concession that the mental condition is "in controversy." *Id.* at 95, 98.

Plaintiff's complaint at paragraph 47 alleges that as a direct and proximate result of Defendant's actions, "Plaintiff has suffered bodily injury, depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical manifestations thereof, and will so suffer in the future." (Docket no. 1 ¶ 47). Plaintiff's complaint at paragraph 55 alleges that as a direct and proximate result of Defendant's retaliation actions, "Plaintiff has suffered bodily injury, depression, loss of standing in the community and among his peers and family, emotional and physical distress, mental and physical anguish, humiliation and embarrassment and the physical manifestations therefore, and will so suffer in the future." (Docket no. 1 ¶ 55).

Plaintiff provided an affidavit dated May 13, 2009 in which he states that

3. I have suffered emotional and psychological distress as a result of Defendant's wrongful conduct in retaliating against me.

    4.       Such distress includes, but is not limited to, feelings of depression, anxiety, loss of self-worth and self-esteem.
    5.       I have not sought psychiatric or psychological treatment nor have I been diagnosed with or treated for a specific psychiatric disorder or injury as a result of Defendant's wrongful conduct.
    6.       I have suffered emotional distress as a result of Defendant's wrongful conduct as alleged in my complaint and affidavit.
    7.       No psychological, psychiatric, or other medical expert has been retained at this time.

(Docket no. 12-4).

In the instant action, Plaintiff does not allege a cause of action for intentional or negligent infliction of emotional distress. He has, however, alleged far more than garden variety emotional distress. Plaintiff's Complaint and Affidavit demonstrate two of the factors the court considered in *Turner*. First, Plaintiff alleges a specific mental or psychiatric disorder or injury as a result of Defendant's conduct. In his Complaint Plaintiff alleges depression and in his affidavit he alleges "feelings of" both depression and anxiety. (Docket nos. 1 ¶¶ 47, 55, 12-4). In his affidavit Plaintiff alleges both emotional distress and psychological distress. (Docket no. 12-4).

Next, Plaintiff's allegations in his Complaint and Affidavit amount to claims of unusually severe emotional distress. In his Complaint, Plaintiff alleges that the bodily injury, depression, distress, anguish and other feelings will be ongoing by alleging that he will "so suffer [them] in the future." (Docket no. 1 ¶¶ 47, 55). It is Plaintiff's pleadings and affidavit which put his mental health in controversy with a level of specificity and severity not alleged in *Turner's* garden variety claims of "humiliation, mental anguish and emotional distress."

The Court also notes that while *Turner* has been relied on by multiple district courts, at the time of this order only one Court of Appeals had cited *Turner,* when the Ninth Circuit upheld a district court's order refusing to set aside a magistrate judge's order compelling the plaintiff to undergo a mental examination. *See Wilson v. Dalton*, 24 Fed. Appx. 777 (9th Cir. 2001)(Plaintiff

"expressly alleged 'severe emotional distress and mental anguish' in his complaint," in his depositions he "gave emotional descriptions of long-lasting and significant emotional distress, which, even if not expressly labeled as such, amount to allegations of severe emotional injury," and "sought a substantial amount in emotional distress damages.") .

Plaintiff alleges unusually severe emotional distress by specifying the "physical manifestations of" his emotion distress, mental anguish, depression, loss of reputation, humiliation and embarrassment. Similarly, Plaintiff's alleges that these conditions are ongoing by stating that he will "so suffer in the future," further adding to the severity of the conditions. (Docket no. 1 ¶¶ 47, 55). These statements allege a level of severity beyond that of garden variety emotional distress and mental anguish. Although Plaintiff testified in his affidavit that he has not sought psychiatric or psychological treatment or been diagnosed with a psychiatric disorder or injury as a result of Defendant's conduct, Plaintiff's affidavit testimony does not foreclose his retaining a psychological, psychiatric or other medical expert. He merely testifies that he has not retained one "at this time."

Plaintiff has not yet been deposed in this matter and discovery in this matter closes on August 1, 2009. (Docket no 7). The trial date is January 5, 2010. For the reasons set forth herein, the Court will order Plaintiff to submit to a psychological examination with Defendant's expert on or before the August 1, 2009 close of discovery within the scope set forth below. Fed. R. Civ. P. 35(a).

Plaintiff raised a concern that the IME could be used against him as a basis for further retaliation by Defendant, which is his current employer. Plaintiff did not elaborate on this general allegation and the Court will not consider this argument at this juncture. Plaintiff did not object to

Dr. Shiener or another psychologist or psychiatrist performing the examination if Dr. Shiener were not available.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel An Independent Mental Examination (docket no. 8) is GRANTED in part as follows:

1. Plaintiff will appear for a psychological examination by Dr. Gerald Shiener at Dr. Shiener's office in Birmingham, Michigan on a date mutually agreeable to the parties and occurring on or before the August 1, 2009 close of discovery;

2. The examination of Plaintiff shall be completed in one day not to exceed eight hours; and

3. The scope of the examination shall be limited to the effects of the events underlying Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that if Dr. Shiener is not available to complete the IME as set forth herein, Defendant will provide to the Court and Plaintiff no later than July 15, 2009 the name of an alternative suitably licensed or certified examiner and the place, date and time of the alternative examination.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 30, 2009             s/ Mona K. Majzoub
                                                  MONA K. MAJZOUB
                                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

    I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 30, 2009              s/ Lisa C. Bartlett
                                            Courtroom Deputy